UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 07-cr-00420-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. HUGO RIOS-CHAVEZ,
    a/k/a Hugo Chavez,
    a/k/a Hugo Chavez Chavez,
    a/k/a Hugo Alejandro Chavez,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court upon a review of a letter sent by Defendant Hugo Chavez on May 20, 2009. The letter asks that the Court reconsider Defendant's sentence, asking that it be reduced or modified so that Defendant can be released.

I will treat Defendant's letter as a motion to modify the sentence rather than as a habeas petition. The motion does not address the execution of the sentence or the legality of detention and thus is not properly addressed under either 28 U.S.C. §§ 2241 or 2255. S*ee United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) ("Because Mr. Smartt's motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, 'the viability of his motion depends entirely on [18 U.S.C. § 3582(c)]'") (quoting *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996).

After a careful review of Defendant's motion, I conclude that the motion should be denied. The Court does not have inherent authority to modify a previously imposed sentence—it may do so only pursuant to statutory authorization. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.), *cert. denied*, 522 U.S. 961 (1997). There are three limited circumstances in which a sentence may be modified: (1) the court receives a motion from the Bureau of Prisons finding that special circumstances warrant a reduction and the requested reduction is consistent with the applicable policy statements issued by the Sentencing Commission; (2) to the extent expressly permitted by statute or by FED. R. CRIM. P. 35; or (3) a defendant has been sentenced based upon a sentencing range later lowered by the Sentencing Commission. 28 U.S.C. § 3582(c)(1)(2), *Smartt*, 129 F.3d at 540.

In this case, Defendant has not shown that any of those grounds are present in this case. He has also not shown that relief is proper under any other statute. Accordingly, it is

ORDERED that Defendant's motion to modify the sentence filed May 20, 2009, is **DENIED**.

Dated:  May 26, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge